UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
OGULSURAY MEREDOVA AND
GULGAISHA ASKOROVA,

        Plaintiff,                          Case No. 20-cv-00747(ENV)(SMG)

vs.                                          PARTIES JOINT MOTION FOF APPROVAL
                                                OF THE SETTLEMENT AGREEMENT
ANATOLIAN GYRO INC.

        Defendants.
-------------------------------------------------------------x

       This Fair Labor Standards Act wage and overtime lawsuit has been settled. Plaintiffs OGULSURAY MEREDOVA and GULGAISHA ASKOROVA ("Plaintiffs") and Defendant ANATOLIAN GYRO INC. ("Defendant") respectfully move this Court for an Order approving the Settlement Agreement, which is attached hereto as Exhibit 1.

       The parties respectfully submit that this motion should be granted because the proposed Settlement Agreement represents a fair and reasonable resolution of a bona fide dispute. The plaintiffs, in their complaint, alleged that the defendant violated the Federal Labor Standards Act by failing to properly pay overtime wages to the plaintiffs while they were employed as restaurant workers. Plaintiff Ogulsuray Meredova alleges that she worked 70 hours per week from July 1, 2019 through December 14, 2019. Plaintiff Gulgaisha Askorova alleges that she worked 70 hours per week from May 15, 2017 through May 30, 2019. Plaintiff Ogulsuray Meredova claims to be owed over $18,000.00 in basic overtime wages. Plaintiff Gulgaisha Askorova claims to be owed over $65,000.00 in basic overtime wages. In addition, plaintiffs demanded statutory penalties of $5,000.00 under the Wage Theft Prevention Act and attorney's fees.

Defendants claim that plaintiffs were paid for every hour worked including overtime. Defendant has computer time sheet records to back up their claims that plaintiffs did not work the hours claimed in their complaint.

An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc.* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc.,* No. 11- 0529- WS- B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). Moreover, "[courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig.,* No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a ' reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.,* No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) *(quoting Lynn's Food Stores, Inc. v. U S. By & Through US. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.,* 679 F.2d 1350, 1354 (11th Cir. 1982)).

It is apparent that the Settlement Agreement in this matter is a fair and reasonable resolution of a bona fide dispute between the Parties. This is because the Settlement Agreement: (1) fairly accounts for Plaintiff's possible recovery; (2) enables the Parties to avoid the possible substantial burdens and expenses of establishing their claims and defenses and accounts for their

respective risks in proceeding with the litigation; and (3) is the product of arm's-length bargaining between experienced counsel which was completely devoid of any semblance of fraud or collusion. *See Wolinsky,* 900 F. Supp. 2d at 335. Accordingly, it is respectfully requested that the Settlement Agreement be approved in its entirety.

Further, it cannot be said that the Settlement Agreement constitutes "a mere waiver of statutory rights brought about by an employer's overreaching." To the contrary, the Settlement Agreement only resolves the *bona fide* dispute between the Parties relating to the payment of Plaintiff's wages and the other wage related claims raised in the Complaint. The Settlement Agreement does not contain a general release, and therefore preserves Plaintiff's ability to raise other claims which may have arisen in the course of his employment. Additionally, the Settlement Agreement does not contain any restrictive confidentiality provision. Accordingly, it is apparent that the Agreement amount fairly accounts for Plaintiff's possible recovery in this matter.

It cannot be disputed that the Settlement Agreement was the product of legitimate bargaining between experienced counsel which was devoid of any semblance of fraud or collusion. Plaintiff's counsel zealously advocated on behalf of his clients throughout, from negotiating the amount of the settlement to the payment of same. Similarly, Defendant's counsel worked diligently to negotiate a fair and reasonable settlement of Plaintiffs' claims. Plaintiff's counsel and Defendants' counsel negotiated the settlement in this case over the course of several months, participating in the Court's mediation program and exchanging multiple counteroffers from their respective clients. The final settlement being reached during a settlement conference held before Magistrate Steven M. Gold on November 30, 2020. The Settlement Agreement was the product of earnest efforts by attorneys experienced at handling labor and employment matters to resolve the dispute under the best possible circumstance for their respective clients.

As in any case, due to the uncertainties of going to trial, the parties must weigh the possibilities of success and failure. In this case, the parties examined the allegations, defenses, and risks of exposure or failure. After completing the mediation process and the settlement conference with Magistrate Steven M. Gold, the parties reached a settlement as a result of an arms-length negotiation of $37,500.00. Plaintiffs view this as a fair compromise considering the risks of proceeding to trial to instead receive a guaranteed payment promptly.

In regards to the division of the settlement, plaintiff's attorney is seeking, per his agreement with Plaintiffs, one-third of the recovery. Plaintiffs' attorney has agreed to waive expenses and costs of the proceeding. The plaintiff's attorney performed the following services, including, but not limited to consultation and advice; preparation, filing and service of the summons and complaint in Federal Court; attendance and preparation of a discovery scheduling order; attendance and negotiation at settlement conference; telephone conferences with the Court; attendance and negotiation at a mediation, preparation and filing of the motion to approve settlement and settlement documents and all other related services. Plaintiff attorney's services included 25 hours of time by the attorney. Plaintiff's attorney's normal hourly rate is $350.00 per hour. If plaintiff's attorney fee was based on hourly rates, the bill for the time spent would be approximately $8,750.00 plus expenses. Plaintiff's attorney paid $1,102.50 in expenses for the filing fee, service of the papers and mediators fee. Plaintiff Ogulsuray Meredova is to receive $8,333.33 for all damages without withholdings. Plaintiff Gulgaisha Askorova is to receive $16,666.67 for all damages without withholdings. Plaintiff's attorney is to receive $12,250.00, which includes all attorney fees, expenses and costs. Considering that the plaintiff's attorney was retained on a contingency basis, which may or may not have resulted in a decision in favor of the plaintiff, $12,250.00 in attorney's fees in this matter is fair and reasonable under the circumstances.

The settlement amount and the terms and conditions are specifically stated in the attached settlement agreement.

NOW on joint motion by both parties, it is respectfully submitted this ___ day of December, 2020.

| | |
|---|---|
| DAVID A. FEINERMAN, ESQ. | ECKERT SEAMANS CHERIN & MELLOTT, LLC. |
| /s   *David A. Feinerman   DF 3320* | /s     *David L. Weissman* |
| DAVID A. FEINERMAN, ESQ. | By:  DAVID L. WEISSMAN, ESQ. |
| 2765 Coney Island Avenue, 2nd floor | 10 Bank Street, Suite 700 |
| Brooklyn, New York 11235 | White Plains, New York 10606 |
| Tel (718) 646-4800 | Tel (914) 286-2807 |
| *Attorney for Plaintiffs* | *Attorneys for **Defendant*** |